Eric Grant (*pro hac vice application pending*)
Attorney at Law
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone:　(916) 388-0833
Facsimile:　(916) 691-3261
E-Mail:　grant@eric-grant.com

David B. Rosen #7152
Law Office of David B. Rosen, ALC
810 Richards Street, Suite 880
Honolulu, Hawaii 96813
Telephone:　(808) 523-9393
Facsimile:　(808) 523-9595
E-Mail:　rosenlaw@hawaii.rr.com

Counsel for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 06 2008

at __1__ o'clock and __45__ min ____ M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

CV08 00359 JMS LEK

| | |
|---|---|
| JACOB DOE and JANET DOE, minors, by their parents and next friends, JAMES and JOYCE DOE; KARL DOE, a minor, by his parents and next friends, KIRK and KATE DOE; and LISA DOE, a minor, by her mother and next friend, LAURA DOE,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; and NAI-NOA THOMPSON, DIANE J. PLOTTS, CORBETT A. K. KALAMA, ROBERT K. U. KIHUNE, and J. DOUGLAS ING, in their capacities as Trustees thereof,<br><br>　　　　　　Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES;** *SUMMONS*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Jacob Doe and Janet Doe, minors, by their parents and next friends, James and Joyce Doe; Karl Doe, a minor, by his parents and next friends, Kirk and Kate Doe; and Lisa Doe, a minor, by her mother and next friend, Laura Doe, allege:

## INTRODUCTION

1. This action challenges the legality of certain policies and practices implemented by Defendants with respect to admission to campuses that are part of the Kamehameha Schools/Bernice Pauahi Bishop Estate ("KSBE"). Plaintiffs allege that KSBE's self-described "preference [for] applicants of Hawaiian ancestry" constitutes invidious discrimination on the basis of race in violation of 42 U.S.C. § 1981. Plaintiffs seek a declaratory judgment that the challenged policies and practices are illegal and unenforceable; preliminary and permanent injunctions against any further implementation, including during the admissions cycle for the 2008-09 school year, of the challenged policies and practices or any other admissions policy or practice at KSBE that grants a self-described "preference" on the basis of "Hawaiian ancestry"; damages; and a reasonable attorney's fee.

2. Plaintiffs acknowledge that this Court and the U.S. Court of Appeals for the Ninth Circuit rejected a virtually identical claim in *Doe v. Kamehameha Schools/ Bernice Pauahi Bishop Estate*, No. CV 00-00316 ACK-LEK, 295 F. Supp. 2d 1141 (D. Haw. 2003), *aff'd*, 470 F.3d 827 (9th Cir. 2006) (en banc). Plaintiffs intend by this action to have that ruling overturned in the Supreme Court of the United States.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). Plaintiffs' claim arises under a law of the United States—namely, 42 U.S.C. § 1981—within the meaning of § 1331. By this action, moreover, Plaintiffs seek to recover damages and secure equitable and other relief under an Act of Congress providing for the protection of civil rights, namely, 42 U.S.C. § 1981.

4. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(1), as jurisdiction is not founded solely on diversity of citizenship, and all Defendants reside in this judicial district.

## PARTIES

5. Each Plaintiff is a minor who brings this action by his or her respective parent or parents as next friend(s). Each Plaintiff is "Hawaiian" in that he or she is a citizen and resident of the State of Hawaii, but no Plaintiff is of "Hawaiian ancestry" as defined by KSBE.

6. Plaintiffs and their parents bring this action anonymously based on their reasonable fears of retaliation against them, by KSBE students and their parents and by members of the public, for their challenge to KSBE's self-described "preference."

7. Each Plaintiff (a) has timely but without success applied for admission to a KSBE campus for the impending 2008-09 school year; (b) meets all of the qualifications for admission except for his or her race and ancestry; (c) is ready and able

to attend the campus to which he or she applied, and intends to do so if admitted; and (d) is ready and able to apply for admission for future school years, and intends to do so if not admitted for the 2008-09 school year.

8. Defendant Kamehameha Schools/Bernice Pauahi Bishop Estate ("KSBE") is a perpetual, charitable trust estate established under the last will of Bernice Pauahi Bishop, great-granddaughter and last royal descendant of Kamehameha the Great.

9. Defendants Nainoa Thompson, Diane J. Plotts, Corbett A. K. Kalama, Robert K. U. Kihune, and J. Douglas Ing are the trustees of KSBE ("Trustees"). As a collective body, the Trustees set policy for KSBE and have responsibility for oversight of KSBE. With respect to the matters described herein, the Trustees were at all times acting within the scope of their authority as officers of KSBE and in furtherance of the interests of KSBE.

10. The Trustees are sued only in their capacity as trustees of KSBE.

## GENERAL ALLEGATIONS

11. The last will of Bernice Pauahi Bishop directed the trustees of her estate to "erect and maintain in the Hawaiian Islands two schools . . . to be known as, and called the Kamehameha Schools." To that end, the Trustees and their predecessors established, and currently maintain, a school-system that includes three K-12 campuses on Oahu, Maui, and Hawaii (serving more than 5,000 students) and thirty pre-school campuses statewide (serving some 1,500 children aged 3 and 4).

12. The KSBE schools are commercially operated, in that KSBE charges tuition for children to attend the schools; and they are nonsectarian, in that KSBE has been judicially determined to be a secular institution.

13. On its website, KSBE openly states that its "admissions policy is to give preference to applicants of Hawaiian ancestry." http://www.ksbe.edu/admissions/preference.php (last visited Aug. 1, 2008).

14. As the Ninth Circuit recognized, a crucial aspect of KSBE's admissions policy "is to give preference to students of Native Hawaiian ancestry, defined to include any person descended from the aboriginal people who exercised sovereignty in the Hawaiian Islands prior to 1778. Practically, the policy operates to admit students without any Hawaiian ancestry only after all qualified applicants with such ancestry have been admitted." *Doe*, 470 F.3d at 832. More specifically, KSBE's policy has operated in such a manner that but for *one* student admitted in 2002, only persons of "Hawaiian ancestry" have been voluntarily admitted to KSBE since 1962.

15. Plaintiffs are informed and believe, and on such basis allege, that at least one child of "Hawaiian ancestry" whose non-racial qualifications are less than those of Plaintiffs will be admitted to a KSBE campus for the 2008-09 school year.

16. Plaintiffs are informed and believe, and on such basis allege, that were they of "Hawaiian ancestry," they would have been admitted to a KSBE campus on the basis of their applications for the 2008-09 school year.

## DECLARATORY RELIEF ALLEGATIONS

17. An actual and substantial controversy exists between Plaintiffs and Defendants as to their respective legal rights and duties. Plaintiffs contend that KSBE's admissions policies and practices that grant a self-described "preference" on the basis of "Hawaiian ancestry" constitute discrimination on the basis of race in violation of 42 U.S.C. § 1981. Defendants contend otherwise.

18. Therefore, declaratory relief under 28 U.S.C. § 2201(a) is appropriate.

## INJUNCTIVE RELIEF ALLEGATIONS

19. If not enjoined by this Court, Defendants and their agents will continue to implement admission policies and practices at KSBE that grant a self-described "preference" on the basis of "Hawaiian ancestry." This course of conduct will cause each Plaintiff to suffer irreparable injury, including but not limited to (a) an inability to compete for admission to a KSBE campus on an equal footing without regard to his or her race; and (b) a failure to be admitted to a KSBE campus because of his or her race. Plaintiffs lack a plain, speedy, and adequate remedy at law for such injury.

20. Therefore, injunctive relief under 42 U.S.C. § 1981 is appropriate.

## CLAIM FOR RELIEF

(Denial of Equal Rights Under the Law—42 U.S.C. § 1981)

21. Plaintiffs incorporate by reference and reallege each allegation set forth in Paragraphs 1-20 above.

22. Section 1 of the Civil Rights Act of 1866, 14 Stat. 27, now provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). As interpreted by the United States Supreme Court, this statute prohibits all commercially operated, nonsectarian schools from denying admission to prospective students on the basis of any race whatsoever; and such a prohibition is within the constitutional power of Congress.

23. KSBE is, or operates, a system of commercially operated, nonsectarian schools.

24. In granting a self-described "preference" to those prospective students with "Hawaiian ancestry," KSBE admission policies and practices deny admission to other prospective students (or at least force them to compete on an unequal footing) because they lack such ancestry. That denial and unequal treatment constitutes discrimination against prospective students on the basis of "Hawaiian ancestry."

25. Discrimination on the basis of "Hawaiian ancestry" is discrimination on the basis of race. Consequently, KSBE admission policies and practices that grant a self-described "preference" on the basis of "Hawaiian ancestry" constitute discrimination on the basis of race. Such discrimination violates 42 U.S.C. § 1981.

26. As a direct and proximate result of this violation, each Plaintiff has suffered, and continues to suffer at least the following injuries: (a) being compelled to

compete for admission to a KSBE campus on an unequal footing because of his or her race; (b) being denied admission to a KSBE campus because of his or her race; and (c) emotional distress, mental anguish, psychological trauma, depression, embarrassment, shock, indignity, humiliation, and other general damage.

27. Plaintiffs are entitled to a declaration that the challenged admission policies and practices currently implemented at KSBE violate 42 U.S.C. § 1981 and are therefore illegal and unenforceable.

28. Plaintiffs are entitled to preliminary and permanent injunctions against any further implementation by Defendants or their agents, including during the admissions cycle for the 2008-09 school year, of the challenged policies and practices or of any other admissions policy or practice at KSBE that grants a self-described "preference" on the basis of "Hawaiian ancestry."

29. Plaintiffs are entitled to compensation for the damages flowing from the above-described injuries. Plaintiffs will establish at trial, according to proof, the precise amount of such damages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as follows:

(a)  for a declaration that any of Defendants' current admissions policies or practices that grant a self-described "preference" on the basis of "Hawaiian ancestry" violate 42 U.S.C. § 1981 and are therefore illegal and unenforceable;

(b) for a preliminary injunction prohibiting Defendants or their agents from further implementing, including during the admissions cycle for the 2008-09 school year, any admissions policy or practice that grants a self-described "preference" on the basis of "Hawaiian ancestry," or from adopting or implementing any such admissions policy or practice in the future;

(c) for a permanent injunction prohibiting the same;

(d) for compensatory damages according to proof;

(e) for costs of suit;

(f) for a reasonable attorney's fee pursuant to 42 U.S.C. § 1988(b); and

(g) for such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury trial of all issues triable of right by a jury.

Dated: August 6, 2008.

        Eric Grant
        David B. Rosen

        By _____
                David B. Rosen

        Counsel for Plaintiffs