IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JACOB DOE, et al., | ) | Civ. No. 08-00359 JMS-BMK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PLAINTIFFS' |
| | ) | MOTION FOR RECONSIDERATION |
| KAMEHAMEHA SCHOOLS/ | ) | |
| BERNICE PAUAHI BISHOP | ) | |
| ESTATE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Before the Court is Plaintiffs' Motion For Reconsideration ("Motion") of this Court's October 28, 2008 Order Denying Plaintiffs' Motion for Leave To Proceed Anonymously and For Related Protective Order ("Order Denying Anonymity"). In the Order Denying Anonymity, this Court ruled that "Plaintiffs' need for anonymity does not outweigh prejudice to Defendants and the public's interest in this case" and ordered Plaintiffs to proceed openly. Plaintiffs now point to "public and private reactions" to the Order Denying Anonymity, which they argue "demonstrate convincingly that Plaintiffs' fear of harm if their identities are revealed to the public is reasonable." After careful consideration of the Motion and the supporting and opposing memoranda, the Court finds that the additional

anonymous comments offered by Plaintiffs are no more credible or probative than the ones already considered by the Court. Plaintiffs' Motion is DENIED.

## FACTUAL BACKGROUND[1]

After the Order Denying Anonymity was filed, the local media covered the ruling on the front page of newspapers, in online articles, and over news broadcasts. The day the Order was filed, the Honolulu Advertiser and Honolulu Star Bulletin posted articles online about the ruling. (Exs. 3-5.) In response to those articles, readers posted hundreds of comments to the newspapers' websites. (Exs. 6-8; Exs. B-C.) Plaintiffs point to the following comments in particular and focus on the underscored language:

(1)    Posted by a commentator named "former local boy":

>   What a shocker this story is. <u>It's about time that someone put some pressure on these litigious people and their kids!</u> I am not of Hawaiian blood, but I was born and raised in Hawaii my whole life and have a lot of Hawaiian pride. I have always been in favor of what the Kamehameha School's has stood for and respect Bernice's will and intentions.
>   I would have had more respect for those that want to sue this private school if they were willing to do it in an open manner so everyone knows who they are. <u>The words chicken s*** come to mind.</u>

---

[1] Relevant facts underlying Plaintiffs' request for anonymity are discussed in the Order Denying Anonymity. In this section, the Court includes only those facts bearing relevance to the instant Motion.

(2)      Posted by a commentator named "ahhh":

> It isn't our job to think about these kids. It's their parents job. And obviously they don't care about their kids, they care more about the money.
> And I'd say the majority of "us" don't want anything bad to happen to the kids. We all realize that they are mere pawns in this mess caused by "adults."
> <u>Now stringing up those scum lawyers is not such a bad idea.</u> (Don't be scared, it's in the Halloween spirit).

(3)      Posted by a commentator named "Great Kid":

> "<u>Sacrifice them!!!!!!!!</u>"

(Exs. 6-8.)

The day after the Order Denying Anonymity was filed, Plaintiffs' counsel discovered that the internet comments posted on the Honolulu Advertiser's website were no longer accessible by the public. (Rosen Declaration ¶ 6.) After speaking to Honolulu Advertiser staff, he was informed that the comments "had been 'turned off' because the 'tone was no longer respectful or appropriate.'" (<u>Id.</u> ¶ 7.)

That same day, Plaintiffs' attorney received the following email:

> You are a son of a bitch...I know so many kids that did not get into kamehameha schools with Hawaiian blood and you are trying to take that away...I am tired of haoles like you. yOU JEWISH S\*\*\*HEAD!!!!  if i see you ever in public..no worries...i will SPIT on you...and YOU will throw the first punch...and believe me...it will be my pleasure to beat the crap out of you...by the way...i am

> NON Hawaiian...I and others are forming a team to have you disbarred...so watch your back...we have many attorneys that will be happy to charge you will [sic] bad practices...i hope this latest ruling will cramp your style...you jerk...i get so mad thinking what you're doing to the Trust.

(Id. ¶ 4; Ex. 1 (asterisks inserted).)  The email is signed "Dan Akiyama" and states he is the president of Executive Business & Tax Solutions.  (Ex. 1.)  Danny Akiyama submitted a declaration stating that, although he used to have a business called Executive Business & Tax Service, he "did not write or send that email."  (Akiyama Declaration ¶ 4.)  He says he does "not wish [Plaintiffs] any harm and would never threaten them, much less cause them harm."  (Id. ¶ 7.)

Plaintiffs' counsel also "received numerous derogatory telephone calls at [his] law office."  (Rosen Declaration ¶ 3.)  One such conversation went as follows:

> [Caller:] Hey, are you the attorney suing Kamehameha Schools?
> [Rosen:] Yes, how can I help you?
> [Caller:] So good for you that everyone is going to know who your clients are.  Now, both you and your haole clients can get the lickins' you deserve.  Why do you f***ing haoles even come to Hawaii . . . ?

(Id. (asterisks inserted).)

Based on the foregoing, Plaintiffs seek a reversal of the Order Denying Anonymity.

## STANDARD OF REVIEW

The Local Rules provide three grounds for reconsideration of interlocutory orders: (1) discovery of new material facts not previously available; (2) intervening change in law; or (3) manifest error of law or fact. Local Rule 60.1. A successful motion for reconsideration must accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." Jacob v. United States, 128 F. Supp. 2d 638, 641 (D. Haw. 2000). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

Plaintiffs seek reconsideration of the Order Denying Anonymity in light of the above comments, phone call conversation, and email that were not previously available. Local Rule 60.1. Plaintiffs contend these communications are threats that would lead a reasonable person to believe that Plaintiffs might be physically or financially harmed if their identities are made public.

As discussed in the Order Denying Anonymity, the Federal Rules of Civil Procedure embody the presumption of openness in judicial proceedings. Order Denying Anonymity at 5.  Notwithstanding that presumption, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000) ("Advanced Textile").  In determining whether anonymity is appropriate, this Court should evaluate the following factors:  (1) the severity of the threatened harm, (2) the reasonableness of Plaintiffs' fears, (3) Plaintiffs' vulnerability to retaliation, (4) the precise prejudice to Defendants, and (5) whether the public's interest would best be served by requiring Plaintiffs to reveal their identities. Id.  The burden is on Plaintiffs to prove the need for anonymity outweighs Defendants' prejudice and the public's interest. Id.  The Ninth Circuit has held that plaintiffs may remain anonymous where they demonstrate "an objectively reasonable fear of extraordinarily severe retaliation" that outweighs the defendants' prejudice and the public's interest. Id. at 1063, 1069.

In their Motion for Reconsideration, Plaintiffs point to the new comments detailed above, arguing they are evidence of threats of harm that they reasonably fear. The new evidence, however, is of the same character and nature as the evidence this Court previously considered and is no more probative of a severe threat of harm or a reasonable fear of harm.

Among the hundreds of internet comments posted in response to the Honolulu Advertiser and Honolulu Star Bulletin news articles, Plaintiffs point only to three anonymous comments as threats of harm. One comment by "former local boy" states that he "would have more respect for those that want to sue this private school if they were willing to do it in an open manner so everyone knows who they are." (Ex. 6.) The comment by "ahhh" expressly states that it is not meant to be taken as a threat. (Ex. 8 ("Don't be scared, it's in the Halloween spirit.").) "Ahhh" makes clear that he or she does not "want anything bad to happen to the kids." (Id.) In fact, another comment by "ahhh" states: "No one wants to see any of the kids hurt by this. The people I know would fight to the death to save these kids if anyone tries to harm them." (Ex. C.) The comment by "Great Kid" is unclear and

nonsensical. (Ex. 7.) None of these anonymous comments contain any threats of harm against Plaintiffs.[2]

Plaintiffs rely primarily on anonymous internet comments in support of the underlying motion and the present Motion For Reconsideration. However, every major story posted online by the Honolulu Advertiser and Honolulu Star Bulletin stirs a parade of off-the-wall anonymous commentary. Indeed, a hallmark of the internet is that people may post comments anonymously or under pseudonyms and the public may never know their true identities. This invites commentators to make outrageous statements under a veil of secrecy.

The Honolulu Advertiser itself recognizes this problem. In March 2008, the Advertiser "opened up the option . . . for readers to comment on every story." (Ex. A.) Since then, the Advertiser "has seen a steady rise of hateful name-calling, innuendo and inane drivel, all of it anonymous." (Id.) The Advertiser has taken steps to address the problem, but acknowledges that "we are unable to monitor the thousands of thoughts we get each day" and that requiring commentators to "post their real names would be futile, as it simply cannot be enforced." (Id.) The Honolulu Star Bulletin is no different.

---

[2] As in the Order Denying Anonymity, "this Court focuses on the threats directed at Plaintiffs" and not at Plaintiffs' counsel. Order Denying Anonymity at 9.

Like the internet comments, the phone call and email to Plaintiffs' counsel are no more probative of a threat of harm to Plaintiffs than evidence this Court previously reviewed. Danny Akiyama says he "did not write or send that email" and does "not wish [Plaintiffs] any harm." (Akiyama Declaration ¶¶ 4, 7.) The phone call is also anonymous and voices frustration with the lawsuit but does not show a severe threat of harm. Cf. Doe v. Beaumont Indep. Sch. Dist., 172 F.R.D. 215, 217 (E.D. Tex. 1997) ("The threat of hostile public reaction to a lawsuit . . . will only with great rarity warrant public anonymity.").

Plaintiffs' evidence confirms that, under the cloak of anonymity, people will make outrageous, offensive, and even nonsensical statements. The evidence does not warrant anonymity, however. Considering all the evidence before the Court, Plaintiffs continue to establish, at most, that they are vulnerable children who have a reasonable fear of social ostracization and negative press for their involvement in this case. The new evidence does not tip the scales any differently.[3] Against the backdrop of hundreds of anonymous comments made in response to the Order Denying Anonymity, Plaintiffs offer only a handful of comments, none of which show an "objectively reasonable fear of extraordinarily

---

[3] The Court previously considered each of the Advanced Textile factors separately, and the new evidence does not warrant doing so here.

severe retaliation." Advanced Textile, 214 F.3d 1063, 1069. Even with the new evidence, Plaintiffs have not shown a sufficient "need for anonymity" that trumps the "presumption, firmly rooted in American law, of openness in judicial proceedings." Doe 1 v. Merten, 219 F.R.D. 387, 390 (E.D. Va. 2004). Because Plaintiffs do not set forth facts of a "strongly convincing" nature to induce the Court to reverse its prior decision, reconsideration is denied. Jacob, 128 F. Supp. 2d at 641.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion For Reconsideration is DENIED.

DATED:  Honolulu, Hawaii, December 31, 2008.

IT IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Doe v. Kamehameha School/Bernice Pauahi Bishop Estate, et al., Civ. No. 08-00359 JMS-BMK; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION.