IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACOB DOE and JANET DOE, minors, by their parents and next friends, JAMES AND JOYCE DOE; KARL DOE, a minor, by his parents and next friends, KIRK and KATE DOE; and LISA DOE, a minor, by her mother and next friend, LAURA DOE,<br><br>Plaintiffs,<br><br>vs.<br><br>KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; and NAINOA THOMPSON, DIANE J. PLOTTS, CORBETT A. K. KALAMA, ROBERT K. U. KIHUNE, and J. DOUGLAS ING, in their capacities as Trustees thereof,<br><br>Defendants.<br>_____ | CIVIL NO.  08-00359 JMS/BMK<br><br>ORDER AFFIRMING MAGISTRATE JUDGE KURREN'S ORDERS DENYING:<br>(1) PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY; AND<br>(2) PLAINTIFFS' MOTION FOR RECONSIDERATION THEREOF |

## ORDER AFFIRMING MAGISTRATE JUDGE KURREN'S ORDERS DENYING: (1) PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY; AND (2) PLAINTIFFS' MOTION FOR RECONSIDERATION THEREOF

## I.  INTRODUCTION

Currently before the court is "Plaintiffs' Statement of Appeal From or

Objections to, Magistrate Judge's Orders Denying (1) Plaintiffs' Motion for Leave

to Proceed Anonymously; and (2) Plaintiffs' Motion for Reconsideration Thereof"

("Plaintiffs' Appeal").  Based on the following, the court AFFIRMS Magistrate

Judge Kurren's Orders Denying (1) Plaintiffs' Motion for Leave to Proceed

Anonymously; and (2) Plaintiffs' Motion for Reconsideration Thereof.

## II.  <u>BACKGROUND</u>

Plaintiffs, minors who bring this action by their parents as next

friends,[1] challenge the legality of policies and practices implemented by

Defendants that grant a preference on the basis of "Hawaiian ancestry" for

admission to campuses that are part of the Kamehameha Schools/Bernice Pauahi

Bishop Estate ("KSBE").  Compl. ¶ 1.  Plaintiffs brought this action anonymously

based on a fear of retaliation.  *See id. ¶ 6*.  Plaintiffs therefore proposed, and

Defendants[2] rejected, that the parties stipulate to Plaintiffs proceeding

anonymously.

On August 29, 2008, Plaintiffs filed their Motion for Leave to

Proceed Anonymously ("Plaintiffs' Motion to Proceed Anonymously"), and the

parties subsequently stipulated to an interim protective order in which Plaintiffs

---

[1]  Plaintiffs are: (1) Jacob and Janet Doe, by their parents and next friends James and Joyce Doe; (2) Karl Doe, by his parents and next friends Kirk and Kate Doe; and (3) Lisa Doe, by her mother and next friend, Laura Doe.

[2]  Defendants are KSBE and KSBE Trustees Nainoa Thompson, Diane J. Plotts, Corbett A.K. Kalama, Robert K.U. Kihune, and J. Douglas Ing.

agreed to disclose their identities to one of Defendants' counsel who may then disclose that information to five additional attorneys and one non-attorney employee of KSBE who is involved in the admissions screening process.  Doc. No. 30.  Defendants filed their Opposition to Plaintiff's Motion to Proceed Anonymously on October 7, 2008, and a sealed Supplemental Memorandum on October 8, 2008.  Plaintiffs filed their Reply on October 13, 2008, and a sealed Supplemental Reply on October 16, 2008.

On October 28, 2008 and after hearing oral argument, Magistrate Judge Kurren denied Plaintiffs' Motion to Proceed Anonymously (the "October 28 Order").  Shortly thereafter, the parties sought amendment to the October 28 Order because it stayed disclosure of Plaintiffs' identities for 10 days from the date of the October 28 Order, while the interim protective order contemplated that Plaintiffs would have 15 days from the final resolution, including appeals, of any court order requiring disclosure of any of Plaintiffs' identities.  At the request of the parties and pursuant to the parties' stipulation and agreement, Magistrate Judge Kurren amended the October 28 Order to include the following language:

> Plaintiffs shall have fifteen (15) days from the date of this order or, if appeal(s) is/are timely taken, the date of the final appellate decision adverse to Plaintiffs' position with respect to anonymity, to file an amended Complaint disclosing their identities.  If any one or more of the Plaintiffs decline to agree

3

> to disclose their identities within [15 days from the date or this order or any final appellate decision adverse to Plaintiffs], their claims in this action will be dismissed with prejudice and the Plaintiff(s) who refuse(s) to allow disclosure shall be enjoined forever from anonymously filing or pursuing another action seeking the same or similar relief against Defendants.

Doc. No. 48.

On November 12, 2008, Plaintiffs filed a Motion for Reconsideration of the October 28 Order.  On November 24, 2008, Defendants filed their Opposition, and Plaintiffs filed their Reply on December 2, 2008.  On December 31, 2008, Magistrate Judge Kurren denied Plaintiffs' Motion for Reconsideration.

Plaintiffs' Appeal of the October 28 Order and December 31 Order (collectively the "October 28 and December 31 Orders") followed on January 9, 2009.  Defendants filed their Response to the Appeal on January 20, 2009, Plaintiffs filed a Reply on January 27, 2009, and Defendants filed a Surreply on February 3, 2009.[3]

## III.  DISCUSSION

**A.    Proper Standard of Review for Plaintiffs' Appeal**

Before turning to the merits of Plaintiffs' Appeal, the court addresses the threshold issue of the proper standard of review for the October 28 and

---

[3]  Pursuant to Local Rule ("L.R.") 7.2(d), the court determines Plaintiffs' Appeal without a hearing.

December 31 Orders.  Plaintiffs argue that the standard of review is de novo, while

Defendants argue that the court should apply the "clearly erroneous or contrary to

law" standard of review.

A district court may designate a magistrate judge to determine any

pretrial matter except for certain dispositive motions.  28 U.S.C. § 636(b)(1)(A).[4]

A party may appeal a magistrate judge's determination of a pretrial nondispositive

matter to the district court, *see id.*; Fed. R. Civ. P. 72(a) (allowing the court to

refer nondispositive matters to the magistrate judge); L.R. 74.1, and the district

court may modify or set aside any portion of the magistrate judge's order found to

be "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed.

R. Civ. P. 72(a); L.R. 74.1.  As defined by Federal Rule of Civil Procedure 72(a), a

nondispositive matter is "a pretrial matter not dispositive of a party's claim or

defense."

---

[4] Specifically, 28 U.S.C. § 636(b)(1)(A) provides:
> [A] judge may designate a magistrate judge to hear and determine any
> pretrial matter pending before the court, except a motion for injunctive
> relief, for judgment on the pleadings, for summary judgment, to dismiss or
> quash an indictment or information made by the defendant, to suppress
> evidence in a criminal case, to dismiss or to permit maintenance of a class
> action, to dismiss for failure to state a claim upon which relief can be
> granted, and to involuntarily dismiss an action.  A judge of the court may
> reconsider any pretrial matter under this subparagraph (A) where it has
> been shown that the magistrate judge's order is clearly erroneous or
> contrary to law.

Correspondingly, 28 U.S.C. § 636(b)(1)(B) authorizes a district court to designate a magistrate judge to hear those dispositive motions excluded from 28 U.S.C. § 636(b)(1)(A) and submit proposed findings of fact and recommendations, which are then subject to de novo review. 28 U.S.C. § 636(b)(1)(B); *see also* L.R. 74.2. Federal Rule of Civil Procedure 72(b) similarly provides that a district judge may assign a magistrate judge to hear dispositive motions which will then be subject to de novo review, but does not identify what constitutes a dispositive motion as does 28 U.S.C. § 636(b)(1)(A).

The court does not merely determine whether Plaintiffs' Motion to Proceed Anonymously is one of those listed in 28 U.S.C. § 636(b)(1)(A), but instead must analyze whether the motion is "characterized as dispositive or non-dispositive of a claim or defense of a party." *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (applying this analysis to determine that a motion for Rule 11 sanctions is a nondispositive motion); *Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("The applicable standard of review for an appeal of a magistrate's order turns on whether the order is dispositive or nondispositive." (citations omitted)). Any motion neither listed nor analogous to one listed in 28 U.S.C. § 636(b)(1)(A) "falls within the non-dispositive group of matters which a magistrate may determine." *Maisonville*, 902 F.2d at 748.

6

Because Plaintiffs' Motion to Proceed Anonymously is not one of the named exceptions in 28 U.S.C. § 636(b)(1)(A), the court must determine whether it can be characterized as dispositive of a claim or defense of a party. The court concludes that the only fair reading of Plaintiffs' Motion to Proceed Anonymously and the resulting October 28 and December 31 Orders is that they address a nondispositive matter.

Specifically, the October 28 and December 31 Orders were "not dispositive of any claim or defense of a party." *See* Fed. R. Civ. P. 72(a). The October 28 and December 31 Orders did not decide any claim of the parties, but rather merely determined that Plaintiffs could not proceed in this action anonymously. Indeed, other courts have reviewed magistrate judge rulings on whether a plaintiff may proceed anonymously for clear error. *See Fernandez v. Nevada*, 2008 WL 852594, at *1 (D. Nev. Mar. 7, 2008) (reviewing magistrate judge's order denying plaintiff's application for leave to proceed using a pseudonym for clear error); *Hodge v. United States*, 2007 WL 4082037, at *1 (M.D. Pa. Nov. 15, 2007) (same); *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 547 (D. N.J. 2006) (same).

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068-69 (9th Cir. 2000), lends support to the court's conclusion that the October 28 and

7

December 31 Orders determined a nondispositive matter only.  In reviewing a

district court order dismissing a complaint with leave to amend due to the

plaintiffs' failure to disclose their identities, *Advanced Textile* described the

district court order as a "discretionary" "case management decision" that

*Advanced Textile* could reverse only "if the district court relied on an erroneous

view of the law, made a clearly erroneous assessment of the evidence, or struck an

unreasonable balance of the relevant factors."[5]  *Id.* at 1069.

 In support of a de novo review, Plaintiffs argue that the October 28

and December 31 Orders were dispositive because they are the equivalent of an

involuntary dismissal.  Pls.' Appeal 5.  Specifically, Plaintiffs point to the

Stipulated Order Modifying the October 28 Order, which provides:

> Plaintiffs shall have fifteen (15) days from the date of this order
> or, if appeal(s) is/are timely taken, the date of the final
> appellate decision adverse to Plaintiffs' position with respect to
> anonymity, to file an amended Complaint disclosing their
> identities.  If any one or more of the Plaintiffs decline to agree

---

[5]  Plaintiffs argue that *Advanced Textile* actually supports that the October 28 and December 31 Orders were dispositive because *Advanced Textile* found that the district court ruling was sufficiently final to confer appellate jurisdiction on the Ninth Circuit.  *See* Pls.' Appeal 4-5.  Plaintiffs confuse finality sufficient to support an appeal through the collateral order doctrine with whether such an order addresses a dispositive matter.  The collateral order doctrine is a wholly separate inquiry from whether an order is dispositive or nondispositive.  *See United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004) (stating that "final" for purposes of the collateral order doctrine provides a "very different context[]" than "final" for purposes of whether an order is dispositive).  As described above, *Advanced Textile* explains that the district court addressed a "case management decision," not a dispositive matter.

> to disclose their identities within [15 days from the date or this
> order or any final appellate decision adverse to Plaintiffs], their
> claims in this action will be dismissed with prejudice and the
> Plaintiff(s) who refuse(s) to allow disclosure shall be enjoined
> forever from anonymously filing or pursuing another action
> seeking the same or similar relief against Defendants.

Doc. No. 48.  Plaintiffs' argument is unpersuasive.

This language is not akin to an involuntary dismissal.  Instead, it explicitly gives Plaintiffs the option to either disclose their identities and proceed with this action, or decline disclosure and have this action ultimately dismissed. Indeed, Plaintiffs and Defendants explicitly stipulated and agreed to this language when they asked Magistrate Judge Kurren to include this paragraph in an amended order.  The October 28 Order originally provided that due to its denial of Plaintiffs' Motion to Proceed Anonymously, "disclosure of Plaintiffs' identities is stayed for ten days from the date this order is filed."  Doc. No. 45.  The parties sought amendment of this language because the 10-day stay of disclosure appeared to conflict with language Plaintiffs had submitted in the parties' stipulated interim protective order, which contemplated that Plaintiffs would have 15 days from the final resolution, including appeals, of any court order requiring disclosure of any of Plaintiffs' identities.  *See* Defs.' Surreply Ex. A (showing Plaintiffs' edits to protective order).  Plaintiffs drafted the proposed amendment to

9

the October 28 Order, which Magistrate Judge Kurren signed.  Doc. No. 48

(listing Plaintiffs' counsel on the header of the order); *see also* L.R. 10.2(b)

(requiring counsel identification on the first page of each paper presented for

filing).  This language in the amended October 28 Order can hardly be viewed as

working an involuntary dismissal where Plaintiffs: (1) proposed this language for

the interim protective order, *see* Defs.' Surreply Ex. A; (2) expressly "stipulated

and agreed" to it again in seeking amendment to the October 28 Order, and

(3) submitted the Stipulated Order Modifying the October 28 Order for Magistrate

Judge Kurren's signature.

Further, even taking this language at face value, it does not suggest

that Plaintiffs' claims will be automatically dismissed should they fail to disclose

their identities.  While the language of the October 28 Order is silent on steps for

dismissal, the most reasonable interpretation is that Defendants, once the 15-day

time period expires, would bring a motion seeking involuntary dismissal due to

Plaintiffs' failure to disclose their identities.  Such motion -- if heard by

Magistrate Judge Kurren -- would be subject to de novo review.  *See* 28 U.S.C.

§ 636(b)(1)(A) (listing a motion for involuntary dismissal as an exception subject

to de novo review); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to

comply with these rules or a court order, a defendant may move to dismiss the

10

action or any claim against it.  Unless the dismissal order states otherwise, a

dismissal under this subdivision . . . operates as an adjudication on the merits.").

This *possibility* of future dismissal, however, does not convert

Plaintiffs' Motion to Proceed Anonymously from precisely what it is -- a

nondispositive motion addressing pretrial issues committed to the sound discretion

of Magistrate Judge Kurren.[6]  *See, e.g.*, *Pigott v. Sanibel Dev., LLC*, 2008 WL

2937804, at *4 (S.D. Ala. July 23, 2008) ("[C]ase law is abundant for the

common-sense proposition that a magistrate judge ruling on a nondispositive

matter does not somehow mutate into a ruling on a dispositive matter simply

because that ruling ultimately affects the outcome of a claim or defense."); *Mosaid*

---

[6] The court is aware that *Rivera-Guerrero* states that the court must "look to the *effect* of the motion, in order to determine whether it is properly characterized as 'dispositive or non-dispositive of a claim or defense of a party.'"  *Rivera-Guerrero*, 377 F.3d at 1068 (quoting *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (emphasis added)).  *Rivera-Guerrero*, however, addressed very different facts and it therefore easily distinguishable.  Specifically, *Rivera-Guerrero* addressed whether the district court could delegate to the magistrate judge a motion seeking authorization for involuntary administration of medication to a criminal defendant so that he could stand trial.  *Id.* at 1069.  Finding this a dispositive matter, *Rivera-Guerrero* relied on the fact that the order would have "direct consequences on Rivera's defense that he is not competent to stand trial," and was "dispositive of [defendant's] affirmative claim that he has a constitutional right to be free from unwanted medication."  *Id.*  The magistrate judge's order directly impacted the defendant's competency defense and raised an issue of "clear constitutional importance" such that "[a]llowing a magistrate judge to make the ultimate decision in a matter of such clear constitutional import would raise serious Article III concerns."  *Id.* at 1070; *see also Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (discussing *Rivera-Guerrero* and its focus on the constitutional implications of an order authorizing involuntary administration of medication).  Plaintiffs' Motion to Proceed Anonymously raises neither constitutional concerns nor concerns regarding a criminal defendant's right to a fair trial.

*Techs. Inc. v. Samsung Elecs. Co.*, 2004 WL 2550309, at *2 (D. N.J. Oct. 1, 2004)

("[E]ven if a magistrate judge's order has the potential to materially affect the

outcome of an issue, the order should still be reviewed under the more deferential

standard."). If the rule were otherwise, "nondispositive magistrate judge rulings

would be vanishingly rare; after all, virtually every decision on discovery,

scheduling, evidentiary and other matters has the potential to affect the ultimate

outcome of a claim or defense."[7] *Pigott*, 2008 WL 2937804, at *4 n.7.

Accordingly, the court concludes that it must review the October 28

and December 31 Orders to determine whether they are clearly erroneous or

contrary to law. The threshold of the "clearly erroneous" test is high and

significantly deferential. "A finding is 'clearly erroneous' when although there is

evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." *United States v.*

*U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Mathews v. Chevron Corp.*, 362 F.3d

1172, 1180 (9th Cir. 2004); *Boskoff*, 217 F. Supp. 2d at 1083; *Thorp v. Kepoo*, 100

F. Supp. 2d 1258, 1260 (D. Haw. 2000).

---

[7] Plaintiffs' Motion to Proceed Anonymously and their subsequent threat that they may allow this action to be dismissed if they are not allowed to proceed anonymously is akin to almost any other basic discovery dispute. For example, if Magistrate Judge Kurren had ordered Plaintiffs to produce discovery and Plaintiffs, rather than comply, chose to have the action dismissed, their subsequent choice would not convert Magistrate Judge Kurren's decision on a basic discovery dispute into a dispositive matter.

**B.     Merits of Plaintiffs' Appeal**

In denying Plaintiffs' request to proceed anonymously, the October 28 Order applied the factors articulated in *Advanced Textile*, including: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice to the opposing party; and (5) whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *See Advanced Textile Corp.*, 214 F.3d at 1068. Of these factors, the October 28 Order found that the only factor weighing in favor of anonymity was Plaintiffs' vulnerability to retaliation. Oct. 28 Order 13-14. The October 28 Order therefore concluded that Plaintiffs did not carry their burden in showing that balancing these factors weighed in favor of anonymity. *Id.* 19-21. On reconsideration, the December 31 Order considered new evidence generated as a result of the October 28 Order that Plaintiffs alleged shows threats of harm, and found that this new evidence was "no more probative of a severe threat of harm or a reasonable fear of harm" than the evidence already considered. Dec. 31 Order 7.

Plaintiffs appeal both these Orders, but, as explained below, their Appeal is wholly inadequate to carry their burden of showing that the October 28 and December 31 Orders are clearly erroneous or contrary to law.

13

### 1.    *Procedural Flaws*

Plaintiffs commit two major procedural mistakes in their Appeal, either of which on their own provides ample basis for denying their Appeal.

First, Plaintiffs fail to proffer any argument under the correct standard of review -- Plaintiffs' Appeal argues for de novo review and then includes a single section entitled "Plaintiffs should be permitted to proceed anonymously" in which it is unclear what standard they apply.  While Plaintiffs present vague arguments regarding points of law the court should consider and purported errors in the October 28 and December 31 Orders on specific *Advanced Textile* factors, Plaintiffs never explain how their arguments, when taken into account with all the *Advanced Textile* factors, show that the October 28 and December 31 Orders were clearly erroneous or contrary to law in determining that Plaintiffs could not proceed anonymously.  On this basis alone, Plaintiffs have not carried their burden because they have failed to present any arguments that address, much less explain, how the evidence leaves one "with the definite and firm conviction that a mistake has been committed."  *See U.S. Gypsum Co.*, 333 U.S. at 395.

Second, Plaintiffs' Appeal is also wholly lacking because rather than proffer specific arguments for reversal, Plaintiffs refer back to their previous submissions before Magistrate Judge Kurren in an apparent attempt to incorporate

those arguments on Appeal.  For the most part, Plaintiffs fail to identify which arguments from their previous submissions the court should consider and in any event, never provide any explanation why Magistrate Judge Kurren erred in rejecting these arguments in the first instance.  *See, e.g.*, Pls.' Appeal 8 ("The last two [of Plaintiffs'] submissions show how Judge Kurren's original order erred in evaluating the evidence, especially the evidence of threats against Plaintiffs and their counsel [and] Judge Kurren's order on reconsideration declined to confront Plaintiffs' criticisms.").

Instead, Plaintiffs apparently expect the court to cull through their earlier submissions and determine which arguments might have value on appeal. Plaintiffs posit that Local Rule 74.2 allows them to incorporate their previous arguments because on de novo review, the court will "consider the record developed before the magistrate judge, making his or her own determination on the basis of that record."  *See* Pls.' Appeal 7-8 (citing L.R. 74.2).  The court is not applying a de novo standard of review, however, and even if Local Rule 74.2 did apply, it does not suggest that a party can incorporate its previous arguments by merely referring back to those submissions.  *See* L.R. 74.2 (requiring that the party provide "written objections that specifically identify the portion of the order, findings, or recommendations to which objection is made and the basis for such

15

objections"). The court should not be required to root around in the record to find arguments Plaintiffs did not bother to properly raise in their Appeal.[8] *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (stating that judges are not "like pigs, hunting for truffles [in the record]" ). Such a scavenger hunt cannot carry Plaintiffs' burden on appeal.

## 2.      Lack of Meritorious Arguments

Even viewing the specific arguments Plaintiffs make in their Appeal as arguing for clear error, the court finds no basis to reverse the October 28 and December 31 Orders. Plaintiffs appear to argue that Magistrate Judge Kurren improperly determined two *Advanced Textile* factors -- the severity of the threatened harm and whether reasonable persons in Plaintiffs' position would believe that they may be harmed. Pls.' Appeal 8-9. The court finds that Magistrate Judge Kurren committed no error in his analysis of these two factors.

Regarding the severity of the threatened harm, *Advanced Textile* recognizes that the court should consider the threat of not only physical harm, but also economic and social harm. *Advanced Textile*, 214 F.3d at 1070-71. The October 28 Order considered all these types of harm in weighing the evidence

---

[8] The court did, however, independently review all of the parties' submissions regarding the October 28 and December 31 Orders and finds no clear error in any of Magistrate Judge Kurren's findings or conclusions.

presented.  The October 28 Order went through each type of alleged threat in

detail -- including internet comments regarding articles about this lawsuit,

newspaper articles regarding Defendants' forced admission of a non-Hawaiian

student, and newspaper articles regarding physical attacks on minors and adults

based on race, sex and disability -- and explained why the evidence did not

indicate a threat of harm to Plaintiffs.  When Plaintiffs came forward with

additional evidence of public and private reactions to the October 28 Order, the

December 31 Order again considered each piece of evidence and found that they

do not "show an 'objectively reasonable fear of extraordinarily severe

retaliation.'"  Dec. 31 Order 9-10 (quoting *Advanced Textile*, 214 F.3d at 1063,

1069).  Magistrate Judge Kurren's thorough analyses of the evidence are not

clearly erroneous or contrary to law.[9]

---

[9] Plaintiffs also suggest, without any real explanation, that Magistrate Judge Kurren applied a too-narrow definition of "threat" and ignored *Planned Parenthood of Columbia/Williamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058 (9th Cir. 2002).  *See* Pls.' Appeal 8 (referring the court to its previous submissions).  The court rejects this argument.  *Planned Parenthood* addresses the definition of "threat" for purposes of a First Amendment claim and does not address the *Advanced Textile* factors.  *See Planned Parenthood of Columbia/Williamette, Inc.*, 290 F.3d at 1071.  As such, *Planned Parenthood* does not change *Advanced Textile's* specific holding that plaintiffs may conceal their identities where they "demonstrate that they have an objectively reasonable fear of extraordinarily severe retaliation." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1063 (9th Cir. 2000).  At most, *Planned Parenthood* explains that determining the existence of a threat depends on context, *see Planned Parenthood of Columbia/Williamette, Inc.*, 290 F.3d at 1071, which is precisely what Magistrate Judge Kurren considered in his analyses. *See, e.g.*, Oct. 28 Order 8-11; Dec. 31 Order 7-9.

Regarding the reasonableness of Plaintiffs' fears, Plaintiffs suggest that Magistrate Judge Kurren applied the incorrect inquiry because he did not view the evidence from the position of a reasonable person in Plaintiffs' position, *i.e.*, parents and children.  Pls.' Appeal 8-9.  The court disagrees that Magistrate Judge Kurren made any error.  The October 28 Order explicitly considered the *Advanced Textile* framework that Plaintiffs "are not required to prove that the defendants intend to carry out the threatened retaliation. []  What is relevant is that plaintiffs were threatened, and that a reasonable person would believe that the threat might be actually be carried out."  Oct. 28 Order 11 (quoting *Advanced Textile*, 214 F.3d at 1071).  The October 28 Order found that Plaintiffs' fears of retaliation were not reasonable because the evidence did not establish any actual threats against Plaintiffs.  Given the absence of threats directed to Plaintiffs, no reasonable person in *any* position would believe a threat would be carried out.

In sum, Plaintiffs have failed to raise any objections to the October 28 and December 31 Orders which show that they are clearly erroneous or contrary to law.

///

///

///

18

## IV.  **CONCLUSION**

Based on the above, the court AFFIRMS Magistrate Judge Kurren's

Orders Denying: (1) Plaintiffs' Motion for Leave to Proceed Anonymously; and

(2) Plaintiffs' Motion for Reconsideration Thereof.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 6, 2009.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Doe et al. v. Kamehameha Schs. et al.*, Civ. No. 08-00359 JMS/BMK: Order Affirming
Magistrate Judge Kurren's Orders Denying: (1) Plaintiffs' Motion for Leave to Proceed
Anonymously; and (2) Plaintiffs' Motion for Reconsideration Thereof